**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2952-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EMOTION BLACKWELL,

    Defendant-Appellant.

_____

Submitted November 20, 2019 - Decided December 12, 2019

Before Judges Koblitz, Gooden Brown, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 96-05-1060.

Emotion Blackwell, appellant pro se.

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario Christopher Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Emotion Blackwell appeals from a January 25, 2019 order denying his motion for reconsideration of an order denying him a new trial and

a petition for post-conviction relief (PCR) based on newly-discovery evidence. We affirm.

Following a four-day trial, a jury found defendant guilty of purposeful murder, N.J.S.A. 2C:11-3(a)(1); attempted murder, N.J.S.A. 2C:5-1; possession of a handgun without a permit, N.J.S.A. 2C:39-5(b); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). We affirmed defendant's conviction and sentence on direct appeal. State v. Blackwell, No. A-7147-97 (App. Div. Jan. 7, 2000).

Defendant subsequently filed PCR petitions in 2001, 2004, and 2011, which were denied and affirmed on appeal. In affirming defendant's first PCR denial, we recounted the facts related to his conviction, which we need not repeat here. State v. Blackwell, No. A-4330-01 (App. Div. June 9, 2003).

This appeal pertains to defendant's motion for a new trial filed with his fourth PCR petition in 2017. Defendant argued the trial prosecutor withheld material regarding pending indictments against the State's eyewitness at the time of trial, which could have been used to impeach the eyewitness. Defendant claimed this evidence only came to light in November 2016.

The PCR judge denied the motion finding it was time-barred pursuant to Rule 3:20-2 and denied the petition concluding "there is no showing of newly

discovered evidence, only impeachable convictions." Defendant filed a motion for reconsideration, which the judge denied for the same reasons.

On appeal, defendant raises the following points:

> POINT ONE - THE PROSECUTION WITHHELD IMPORTANT BRADY[1] MATERIAL FROM THE DEFENSE, WHICH WAS MATERIAL AS IT WOULD HAVE IMPEACHED THE CREDIBILITY OF A CRITICAL STATE'S WITNESS, LEADING TO A REASONABLE PROBABILITY OF A DIFFERENT TRIAL RESULT, THEREFORE PETITIONER WAS DENIED HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW.

> POINT TWO – THE PCR COURT MISAPPLIED COURT RULE 3:20-2 AND IMPROPERLY DEFINED "NEWLY DISCOVERED EVIDENCE" IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE AND FOR POST-CONVICTION RELIEF, AND COMPOUNDED ITS ERROR IN DENYING THE MOTION FOR RECONSIDERATION, THEREBY VIOLATING HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

A-2952-18T4

"[T]he standard of review where there is a denial of a motion for reconsideration . . . is 'abuse of discretion.'" Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (citation omitted). Reconsideration is not warranted "merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." State v. Puryear, 441 N.J. Super. 280, 294 (2015) (quotation omitted) (citation omitted).

The motion judge did not abuse his discretion because the evidence defendant alleged was newly discovered simply was not. Indeed, in response to defendant's motion, the State produced an August 22, 1996 letter from the trial prosecutor to defendant's trial counsel, detailing the indictments related to the State's eyewitness. Moreover, during oral argument of defendant's first PCR petition in 2001, his counsel acknowledged the State made these disclosures. Finally, in our opinion affirming the denial of defendant's first petition, we noted "defendant claimed that his trial counsel was ineffective in . . . failing to cross-examine [the State's witness] concerning pending charges against him."

For these reasons, the motion judge properly denied reconsideration of the motion for a new trial and the PCR petition. Defendant's assertions that the State withheld exculpatory Brady evidence are unsupported by the facts and are

4

without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2952-18T4